IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERIC CRAFT, )<br>    Petitioner, )<br>v. )<br> )<br>J.C. STREEVAL, WARDEN, )<br>    Respondent. ) | Case No. 7:22-cv-00305<br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

## MEMORANDUM OPINION

Eric Craft, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Craft challenges the validity of his conviction in the United States District Court for the Middle District of Pennsylvania. Upon review of the petition, the court concludes that Craft cannot satisfy all of the requirements for proceeding under § 2241. Therefore, the petition is **DISMISSED** without prejudice for lack of jurisdiction.

### I.  BACKGROUND

In 2002, Craft entered a plea of guilty to a superseding information, which charged him with causing the death of another by the use of a firearm during a drug-trafficking offense, in violation of 18 U.S.C. § 924(j). See United States v. Craft, 514 F. App'x 91, 92 (3d Cir. 2013). He was subsequently sentenced to a term of imprisonment of 480 months, and his conviction and sentence were affirmed by the United States Court of Appeals for the Third Circuit. Id. (citing United States v. Craft, 139 F. App'x 372 (3d Cir. 2005)). In 2006, the Middle District of Pennsylvania denied Craft's first motion to vacate under 28 U.S.C. § 2255, and the Third Circuit declined to issue a certificate of appealability. Id. (citing United States v. Craft, No. 07-1060 (3d Cir. July 30, 2007)). Since then, Craft has filed numerous post-conviction motions, all of which have been denied. Id.; see also United States v. Craft, No. 1:02-cr-00011, 2018

U.S. Dist. LEXIS 107394, at *4–9 (M.D. Pa. June 27, 2018) (summarizing Craft's post-conviction filings).

Craft is presently incarcerated at USP Lee in Pennington Gap, Virginia. He filed the current petition on June 15, 2022. Craft argues that he was improperly sentenced as a career offender under the United States Sentencing Guidelines because his prior drug convictions in New Jersey no longer qualify as predicate offenses in light of the Supreme Court's decisions in Chambers v. United States, 555 U.S. 122 (2009), and Descamps v. United States, 570 U.S. 254 (2013). See Pet., ECF No. 1, at 3. Craft further argues that he is entitled to seek relief under 28 U.S.C. § 2241 based on the Fourth Circuit's decision in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). Id. at 3–6.

## II. DISCUSSION

Ordinarily, federal prisoners "are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). "Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves 'inadequate or ineffective to test the legality of [a prisoner's] detention.'" Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) (quoting 28 U.S.C. § 2255(e)). The requirements of the savings clause are jurisdictional. Wheeler, 886 F.3d at 426.

In Wheeler, the Fourth Circuit "established a test for determining whether a challenge to a criminal sentence is cognizable by way of the savings clause." Diaz v. Warden FCI Bennettsville, 858 F. App'x 664, 665 (4th Cir. 2021). The Court held that § 2255 is inadequate and ineffective to test the legality of a sentence when the following requirements are met:

2

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id. at 429 (paragraph breaks added). If any one of these requirements is not satisfied, the court lacks jurisdiction to consider a claim of sentencing error under § 2241. Id. at 425–26.

In this case, Craft fails to meet the second prong of the Wheeler test. He does not identify any case decided by the Supreme Court or the Third Circuit—the circuit in which he was convicted—that changed the substantive law applicable to his sentence. Although Craft's petition includes citations to two Supreme Court cases, neither decision enables him to satisfy the second requirement.

In the first case, Chambers v. United States, the Supreme Court held that the Illinois crime of failure to report for penal confinement is not a "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). 555 U.S. at 130. Craft does not point to anything in Chambers that undermines the validity of the sentence imposed in his case. As noted above, Craft alleges that he was designated as a career offender based on prior drug convictions. See Pet. at 3; see also U.S.S.G. § 4B1.1(a) (providing that a defendant qualifies as a "career offender" if, among other requirements, "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense").

3

Because Chambers did not address the Guidelines' definition of a "controlled substance offense," Craft's sentence is unaffected by Chambers. See, e.g., Grant v. United States, No. 1:17-cr-00615, 2022 U.S. Dist. LEXIS 24105, at *14 (D. Md. Feb. 10, 2022) (explaining that Supreme Court decisions addressing the ACCA's definition of "violent felony" had no bearing on the petitioner's enhanced sentence since his designation as an armed career criminal was based on prior drug convictions).

Craft's reliance on Descamps v. United States fares no better. In short, Descamps "did not announce a retroactively applicable substantive change in the law." Brooks v. Bragg, 735 F. App'x 108, 109 (4th Cir. 2018). Instead, the decision merely "clarified the application of the categorical approach or modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements." Id.; see also Descamps, 570 U.S. at 260 (noting that the Court's prior "caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case"); Ham v. Breckon, 994 F.3d 682, 688 (4th Cir. 2021) (explaining that Descamps "clarified" when the modified categorical approach can be used); Crawford v. United States, 611 F. App'x 47, 49 (3d Cir. 2015) (emphasizing that Descamps "does not . . . represent an intervening change in the law"). Thus, Craft cannot rely on Descamps to satisfy the second prong of the Wheeler test.

Because Craft has not shown that "settled substantive law changed and was deemed to apply retroactively on collateral review," his petition does not satisfy all of the requirements of Wheeler. 886 F.3d at 429. Accordingly, Craft cannot challenge the legality of his sentence under § 2241.

4

### III. CONCLUSION

For the reasons stated herein, the court concludes that Craft cannot proceed under § 2241 because his petition fails to meet the requirements to invoke the savings clause of 28 U.S.C. § 2255(e). Therefore, the court **DISMISSES** Craft's petition without prejudice for lack of jurisdiction. An appropriate order will be entered.

Entered: June 29, 2022

Michael F. Urbanski
Chief United States District Judge